UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALLEN MANUFACTURING CORPORATION,

        Plaintiff/Counter-Defendant,        Case No. 15-cv-11363

v.        Honorable Thomas L. Ludington

NEXTEER AUTOMOTIVE CORPORATION,

        Defendant/Counter-Claimant.

_____/

**ORDER GRANTING PARTIAL MOTION TO DISMISS, DISMISSING COUNT 4 OF PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND CANCELLING MOTION HEARING**

Callen Manufacturing Corporation filed a Complaint against Nexteer Automotive Corporation on April 14, 2015. Compl., ECF No. 1. The Complaint alleged six counts for relief. Callen's claims arise from Nexteer's termination of a purchase order for the delivery of certain goods. On May 11, 2015, Nexteer filed a motion to dismiss Counts 4 & 5 of Callen's complaint. See Def.'s Mot. to Dismiss, ECF No. 7. Nexteer argued in its first motion to dismiss that those counts seek lost profits but that the purchase order, under which the disagreement between the parties arises, forecloses Callen from obtaining such relief. After Nexteer filed its first motion to dismiss, Callen filed a First Amended Complaint that removed its claim for lost profits in Count 5. Am. Compl., ECF No. 16.

Nexteer, still believing Count 4 of the Amended Complaint, which is entitled "Plaintiff's Lost Profits for Defendant's Failure to Buy Requirements of Controller Covers through December 2016", to be improper, refiled its motion to dismiss. Nexteer now seeks to dismiss the remaining claim for lost profits. As with its prior motion, Nexteer claims that this count should

be dismissed because the purchase order at issue expressly precludes lost profits as a remedy for termination of the purchase order. Because the parties agree that the purchase order lawfully precludes a claim for lost profits and that Nexteer rightfully terminated the purchase order[1], Count 4 of Callen's Amended Complaint does not state a claim upon which relief may be granted. That count will be dismissed.

I.

Callen is an Illinois corporation engaged in the business of die casting. "Die casting is a manufacturing process whereby molten metal is poured into a die or mold. The metal is allowed to cool, thus taking the form of the mold." Am. Compl. ¶ 4, ECF No. 16. Nexteer is a "global leader in manufacturing advanced steering and driveline systems." *Id.* at ¶ 5.

A.

On December 14, 2011, Nexteer issued Callen a purchase order for the purchase of assist covers and controller covers. *Id.* at ¶ 6. The purchase order bore the number SAG90i7548. Def.'s Mot. to Dismiss, Ex. 1, ECF No. 18-2. Callen accepted Nexteer's offer. Under the agreement, Nexteer would pay for the covers provided by Callen within 47 days of the covers being shipped. Am. Compl. ¶ 10, ECF No. 16. The parties agreed to amend the purchase order from time to time in order to reflect differences in the prices of the covers. *Id.* at ¶ 9.

The purchase order agreement between the parties incorporated Nexteer's General Terms and Conditions. Def.'s Mot. to Dismiss, Ex. 3, ECF No. 18-3. The document contains a number of contractual terms and conditions that govern Nexteer's relationship with sellers, here Callen. Of importance to the present dispute are two termination provisions. Section 10 is titled

---

[1] Nexteer claims in its Answer and its briefing that the purchase order was terminated as a result of Callen's breach. The purchase order forecloses a claim for lost profits if Callen breaches the contract or if Nexteer terminates the contract for convenience. Thus, it is not necessary to the disposition of the motion to determine the exact reason for why the purchase order was terminated. Callen admits that, at a minimum, Nexteer validly terminated the purchase order pursuant to its convenience termination rights.

"Termination for Breach" and permits Nexteer to "terminate all or any part" of the purchase order if Callen breaches the agreement. *Id.* at § 10. Under such a termination Nexteer is not subject to any liability to Callen. *Id.* Section 11 is titled "Termination for Convenience" and permits Nexteer to terminate the purchase order "at any time and for any reason, by notifying [Callen] in writing." *Id.* at § 11. The provision sets forth a formula for determining the extent of Nexteer's liability to Callen for a termination for convenience. The section does not, however, authorize the recovery of lost profits and provides that "[p]ayments made under this Article will not exceed the aggregate price for finished goods that would be produced by [Nexteer] under delivery of release schedules outstanding at the date of termination." *Id.*

**B.**

On November 13, 2014, Nexteer's Commercial Supervisor Chadde Stevens sent a letter terminating the December 14, 2011 purchase order to Callen's Vice President of Sales & Marketing Donald Marsh. Def.'s Mot. to Dismiss, Ex. 3, ECF No. 18-4. In the letter Stevens wrote that he was confirming the "verbal notice" of termination communicated to Callen on November 7, 2014. *Id.* Stevens informed Callen that the reason for the termination letter "is principally under Section 10, for breach, because of the ongoing and well-documented quality issues, and Callen's recent threat to stop shipment based on the communication from Busche, its machining subcontractor. In the alternative only, the reason for Nexteer's termination is under Section 11, for convenience." *Id.*

The letter from Stevens further states that termination with respect to Callen's supply of assist covers (part number 28262919) "is immediate." *Id.* With respect to control covers (part number 38000591), "termination is effective December 31, 2014." *Id.* Termination with respect to controller covers was delayed because it "hope[d] to use the next six weeks to exhaust finished

goods, [work in progress], and raw materials within releases, in an attempt to minimize potential obsolescence for Callen." *Id*.

## C.

Because the termination letter sent by Nexteer contemplated an exhaustion of certain parts used by Callen in producing controller covers, the purchase order did not immediately terminate. Indeed, the letter contemplated a continued life of six weeks for the purchase order. Pursuant to that future termination, Nexteer issued a purchase order amendment on November 24, 2014. Def.'s Mot. to Dismiss, Ex. 4, ECF No. 18-5. Callen contends that this document is a separate and distinct purchase order from the December 14, 2011 purchase order.

But the amendment bears the same purchase order number as the 2011 purchase order: SAG90I7548[2] and underneath the purchase order number the November 24, 2014 document reads "ALTERATION 73780." *Id*. The 2014 alteration also lists the same date for the "ORDER ISSUE DATE" as the original SAG90I7548 purchase order: December 14, 2011. *Id*. Furthermore, the content of the 2014 alteration details only a price change and states that "THE FOLLOWING PRICE [IS] EFFECTIVE 12/01/14" and then lists a purchase price for controller covers, part number 38000591. *Id*. Lastly, the 2014 alteration comes with the caveat that "THIS CHANGES, AMENDS OR SUPERSEDES A PURCHASE ORDER IN YOUR POSSESSION." *Id*.

Callen believes that the 2014 alteration constitutes a separate contractual agreement between the parties and argues that Nexteer has not terminated that order. As a result, it has brought suit seeking, in part, lost profits for the controller covers it would have produced and sold to Nexteer under the 2014 alteration.

---

[2] The purchase order number is written with the "I" alternatively capitalized and non-capitalized. The number is the same.

**II.**

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**III.**

Nexteer claims that the current dispute is a simple one. The purchase order under which the dispute arises, issued in 2011, precludes Callen from obtaining lost profits. Callen responds that yes, Nexteer did validly terminate the 2011 purchase order but there is a separate 2014 purchase order under which Nexteer is liable for lost profits. The interplay between the 2011 purchase order and what Callen alleges is a separate and distinct 2014 purchase order has germinated into the primary dispute between the parties. Callen concedes that if the 2011 purchase order is the sole contract for delivery of goods that defines the parties' relationship, then they are not entitled to lost profits. Conversely, Callen asserts that if the 2014 purchase order is separate and distinct, Nexteer cannot claim that lost profits are precluded because the

purchase order was never terminated by Nexteer. Nexteer denies that the alleged 2014 purchase order is an independent agreement. Rather, it explains that it is nothing more than a market-price modification of the original purchase order and does nothing to displace their termination of the 2011 agreement.

Callen and Nexteer agree that the 2011 purchase order is a contract for the delivery of goods that is governed by Article 2 of the Uniform Commercial Code. They also agree that under Article 2, a contract for the delivery of goods can limit remedies available to one or both of the contracting parties. Furthermore, the parties agree that the 2011 purchase order limits Callen's remedies in the event of their own breach or a voluntary termination by Nexteer. Lastly, the parties agree that the remedy limitation in the 2011 purchase order precludes Callen from recovering lost profits.

That leaves only the proper interpretation of the alleged 2014 purchase order. Callen claims that this purchase order is a distinct delivery agreement. In its response to Nexteer's motion, Callen itemizes all the ways in which the 2011 purchase order and the alleged 2014 purchase order are different. To wit:

> 1. The 2011 purchase order is for assist covers and controller covers. The 2014 purchase order is for controller covers only.
>
> 2. The 2011 purchase order incorporates blueprints dated 12/15/09 for assist covers and blueprints dated 11/29/11 for controller covers. The 2014 purchase order incorporates blueprints dated 5/15/13.
>
> 3. The 2011 purchase order states that its terms are 47 days paid weekly. The 2014 purchase order omits terms of payment.
>
> 4. The 2011 purchase order does not include a section title COMMODITY ADJUSTMENT. Such a section is included in the 2014 purchase order.
>
> 5. The 2011 purchase order does not incorporate Nexteer's tooling terms and conditions. The 2014 purchase order does incorporate Nexteer's tooling terms and conditions.

Pl.'s Resp. Br. 11, ECF No. 22. Callen concludes that "[w]hile the two purchase orders undoubtedly contain some similar terms, that is because both purchase orders are for the sale of controller covers produced by Callen and purchased by Nexteer. Nexteer fails to acknowledge the many differences between the two contracts." *Id*. at 11-12. The argument is without merit.

Despite identifying some differences between the 2011 and 2014 purchase orders, Callen disregards the plain language of the 2014 agreement that it is simply a price modification of the 2011 purchase order. Indeed, what Callen claims to be a separate 2014 purchase order actually retains the 2011 purchase order's identification number: SAG90I7548. Def.'s Mot. Dismiss, Ex. 4, ECF No. 18-5. The 2014 document then, just below the 2011 purchase order number, bears the mark "ALTERATION 73780." *Id*. In addition, in the item description area the 2014 document states that "THIS ORDER IS EFFECTIVE 12/14/11 AND EXPIRES 12/31/16." *Id*. It would indeed be curious for an independent and complete purchase order issued on November 24, 2014 to have an effective date almost three years prior. Further, the description area also communicates to Callen that "THE FOLLOWING HAS BEEN CHANGED TO READ" and then sets forth a price adjustment to controller covers, nothing more. *Id*. Nothing in the body of the 2014 document could reasonably be read to establish an independent agreement for the acquisition of controller covers. Indeed, Callen acknowledges in its Complaint that "[f]rom time to time, the [2011] purchase order was amended to reflect differences in the price of the Covers." Am. Compl. ¶ 9, ECF No. 16. The November 24, 2014 document is just such an amendment.

The basis of Callen's claim for lost profits is that Nexteer did not terminate the 2014 document, an independent purchase order. But as explained, the 2014 document is not a new and independent purchase order and indeed bears the same purchase order number, 90I7548, as the 2011 purchase order. Nexteer terminated purchase order 90I7548 in a letter from Commercial

Supervisor Chadde Stevens to Callen's Vice President of Sales & Marketing Donald Marsh on November 13, 2014. Def.'s Mot. to Dismiss, Ex. 3, ECF No. 18-4. While Callen questions how a document from November 13 can effectuate the termination of a document issued November 24, the body of Nexteer's cancellation letter provides the answer. Nexteer explains in the letter that, as to controller covers, "termination is effective December 31, 2014. [Nexteer] hope[s] to use the next six weeks to exhaust finished goods, WIP, and raw material within releases in an attempt to minimize potential obsolescence for Callen." *Id*. Nexteer acknowledges in the letter that its relationship with Callen for the purpose of purchasing controller covers will continue up to December 31, 2014. As a result, it was necessary for Nexteer to issue one final price amendment which, as noted above, is something that Callen concedes was commonplace.

Callen cannot state a claim for lost profits. Nexteer's motion to dismiss will be granted and Count 4 of Callen's Amended Complaint will be dismissed with prejudice.

**IV.**

Accordingly, it is **ORDERED** that Defendant Nexteer Automotive Corporation's Motion to Dismiss, ECF No. 18, is **GRANTED**.

It is further **ORDERED** that Count 4 of Plaintiff Callen Manufacturing Corporation's First Amended Complaint is **DISMISSED with prejudice**.

It is further **ORDERED** that the motion hearing scheduled for August 27, 2015 at 3:00 p.m. is **CANCELLED**.

Dated: August 13, 2015              s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge

- 9 -

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2015.

                                          s/Karri Sandusky
                                          Karri Sandusky, Acting Case Manager

- 9 -