UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALLEN MANUFACTURING CORPORATION,

                    Plaintiff/Counter-Defendant,                  Case No. 15-cv-11363

v.                                                    Honorable Thomas L. Ludington

NEXTEER AUTOMOTIVE CORPORATION,

                    Defendant/Counter-Claimant.

_____/

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Callen Manufacturing Corporation filed a Complaint against Nexteer Automotive Corporation on April 14, 2015. Compl., ECF No. 1. The crux of Callen's complaint is that it entered into a supply agreement with Nexteer and Nexteer terminated that contract for convenience without paying for certain goods and materials delivered, as it is required under the contract.

Nexteer, in addition to answering Callen's complaint, filed a counterclaim against Callen. It alleges that Callen breached the supply agreement because Callen did not deliver goods conforming to the specifications of the contract. Callen denies this claim. Nexteer seeks damages for the costs associated with terminating the contract. Nexteer, when terminating the contract with Callen, claimed that, in the alternative, it was terminating the contract for convenience.

Callen has now moved for summary judgment, far in advance of the close of discovery, seeking a judgment that Nexteer owes Callen for products accepted by Nexteer but for which Callen has not received payment. Nexteer has responded by claiming that more discovery is

necessary on the parties' respective claims and, in the alternative, that there is a genuine dispute of material fact that makes summary judgment inappropriate.

Callen's decision to move for summary judgment displays a misunderstanding of the role of discovery and the manner in which Federal Rule of Procedure 56 operates. Lastly, Callen's arguments misrepresent the record by ignoring factual claims made by Nexteer and evidence introduced by it in its Counterclaim and in its opposition to Callen's motion. Callen's motion will be denied.

## I.

Nexteer responded to Callen's initial complaint with a motion to dismiss. After Nexteer filed its first motion to dismiss, Callen filed a First Amended Complaint that removed its claim for lost profits in Count 5. Nexteer refiled its motion to dismiss, targeting Count 4 of Callen's Amended Complaint which also sought lost profits. That motion was granted on August 13, 2015 and Callen's claim for lost profits was dismissed.

When Nexteer filed its first motion to dismiss, directed at Callen's originally complaint, Nexteer also answered Callen's complaint. Nexteer included in its answer a counterclaim against Callen. The counterclaim alleged that Callen breached: the contract between the two parties; express warranties made to Nexteer; and implied warranties of merchantability and fitness made to Nexteer. Callen denied these claims.

## A.

Callen is an Illinois corporation engaged in the business of die casting. "Die casting is a manufacturing process whereby molten metal is poured into a die or mold. The metal is allowed to cool, thus taking the form of the mold." Am. Compl. ¶ 4, ECF No. 16. Nexteer is a "global leader in manufacturing advanced steering and driveline systems." *Id*. at ¶ 5.

**B.**

On December 14, 2011, Nexteer issued Callen a purchase order for the purchase of assist covers and controller covers. *Id*. at ¶ 6. The purchase order bore the number SAG90i7548. Def.'s Mot. to Dismiss, Ex. 1, ECF No. 18-2. Callen accepted Nexteer's offer to buy. Under the agreement, Nexteer would pay for the covers provided by Callen within 47 days of the covers being shipped. Am. Compl. ¶ 10, ECF No. 16. The parties would agree to amend the purchase order from time to time in order to reflect differences in the prices of the covers. *Id*. at ¶ 9.

The purchase order agreement between the parties incorporated Nexteer's General Terms and Conditions. Def.'s Resp., Ex. 3, ECF No. 29-4. The document contains a number of contractual terms and conditions that govern Nexteer's relationship with sellers, here Callen. Of importance to the present dispute are two termination provisions. Section 10 is titled "Termination for Breach" and permits Nexteer to "terminate all or any part" of the purchase order if Callen breaches the agreement. *Id*. at § 10. Under such a termination Nexteer is not subject to any liability to Callen. *Id*. Section 11 is titled "Termination for Convenience" and permits Nexteer to terminate the purchase order "at any time and for any reason, by notifying [Callen] in writing." *Id*. at § 11. The provision sets forth a formula for determining the extent of Nexteer's liability to Callen for a termination for convenience. The section does not, however, authorize the recovery of lost profits and states that "[p]ayments made under this Article will not exceed the aggregate price for finished goods that would be produced by [Nexteer] under delivery of release schedules outstanding at the date of termination." *Id*.

**C.**

On November 13, 2014, Nexteer's Commercial Supervisor Chadde Stevens sent a letter terminating the December 14, 2011 purchase order to Callen's Vice President of Sales &

Marketing Donald Marsh. Def.'s Resp., Ex. 7, ECF No. 29-8. In the letter Stevens wrote that he was confirming the "verbal notice" of termination communicated to Callen on November 7, 2014. *Id*. Stevens informed Callen that the reason for the termination letter "is principally under Section 10, for breach, because of the ongoing and well-documented quality issues, and Callen's recent threat to stop shipment based on the communication from Busche, its machining subcontractor. In the alternative only, the reason for Nexteer's termination is under Section 11, for convenience." *Id*.

The letter from Stevens further states that termination with respect to Callen's supply of assist covers (part number 28262919) "is immediate." *Id*. With respect to controller covers (part number 38000591), "termination is effective December 31, 2014." *Id*. Termination with respect to controller covers was delayed because it "hope[d] to use the next six weeks to exhaust finished goods, [work in progress], and raw materials within releases, in an attempt to minimize potential obsolescence for Callen." *Id*.

## D.

Because the termination letter sent by Nexteer contemplated the maximum utilization of certain parts used by Callen in producing controller covers, the purchase order did not immediately terminate. Indeed, the letter contemplated a continued life of six weeks for the purchase order. Pursuant to that future termination, Nexteer issued a purchase order amendment on November 24, 2014. Def.'s Mot. to Dismiss, Ex. 4, ECF No. 18-5.

The amendment bears the same purchase order number as the 2011 purchase order: SAG90I7548[1] and underneath the purchase order number the November 24, 2014 document reads "ALTERATION 73780." *Id*. The 2014 alteration also lists the same date for the "ORDER

---

[1] The purchase order number is written with the "I" alternatively capitalized and non-capitalized. The number is the same.

ISSUE DATE" as the original SAG90I7548 purchase order: December 14, 2011. *Id*. Furthermore, the content of the 2014 alteration details only a price change and states that "THE FOLLOWING PRICE [IS] EFFECTIVE 12/01/14" and then lists a purchase price for controller covers, part number 38000591. *Id*. Lastly, the 2014 alteration comes with the caveat that "THIS CHANGES, AMENDS OR SUPERSEDES A PURCHASE ORDER IN YOUR POSSESSION." *Id*.

## II.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The focus must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).

The Court must draw all reasonable inferences in favor of the non-movant when reviewing the evidence and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52, *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial.'" *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.

Callen seeks judgment for amounts it alleges it is owed by Nexteer for parts and dunnage that were delivered, but not paid for. It also seeks a preclusive sanction against Nexteer for non-compliance with Federal Rule of Civil Procedure 26. Nexter responds that Callen's motion is premature. Discovery is necessary, it argues, to fully present the issues for a merits determination. Nexteer also responds to Callen's request for sanctions by arguing that its non-conformity with Rule 26 is harmless and, in any event, a preclusive sanction would be extreme.

### A.

Callen seeks summary judgment in advance of the close of discovery. "Typically, when the parties have no opportunity for discovery, denying the Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). Nexteer has not moved for relief under Rule 56(d) as contemplated in *CenTra, Inc.*, but the Federal Rules do not require a nonmovant to move for discovery in opposition to an early motion for summary judgment. Thus, *CenTra, Inc.*'s principle is directly applicable: district courts should be leery of granting summary relief in advance of an opportunity for discovery when a party requests relief under Rule 56(d).

Here, Nexteer responded to Callen's motion for summary judgment by requesting relief in the manner contemplated by Rule 56(d). Nexteer attached a declaration to its response brief that explains the outstanding issues between the parties and why discovery is necessary to fully inform both sides of the dispute. The declaration of Chadde Stevens, Nexteer's North American Strategic Purchasing Manager, explains that Nexteer believes Callen breached the contract

between the parties by producing and delivering non-conforming goods. Mr. Stevens further explains three different issues Nexteer intends to explore in discovery: (a) Callen's quality problems associated with producing covers; (b) Nexteer's cost-recovery claims associated with terminating the contract; and (c) the relationship between Callen and Busche, the company that machined covers produced by Callen prior to the covers being delivered to Nexteer.

Callen responds to Nexteer's Rule 56(d) claim is that Nexteer's desired discovery "either relate[s] to information that (1) is already in Nexteer's possession or control (e.g. the amount of alleged setoff) or (2) is irrelevant (e.g., the terms of the contract between Callen and Busche)." Pl.'s Reply Br. 2, ECF No. 31. But Callen appears to have a limited understanding of the purposes of discovery. Of course, as Callen contends, Nexteer has information that supports its position that Callen breached the Contract. But, Callen disagrees with that claim. For Nexteer to fairly present its argument to the Court and understand the merits of Callen's position (and vice versa) it is permitted, even encouraged, to conduct discovery on the issue. Part of that discovery involves requesting documents and information from Callen concerning its position that it did not breach the Contract. Callen argues that discovery is not necessary whenever a party has all the information supporting its claim. Of course, that is the nature of disputes: one party, based on the information in its possession, believes that the opposing party is in breach, the opposing party disagrees, the parties then seek resolution. Callen's jurisprudential model would require no more than a complaint supported by minimal documentary evidence to entitle parties to judgment on their claims.

Callen's motion for summary judgment will be denied under Rule 56(d).

**B.**

Even if Callen's motion for summary judgment should not be denied under Rule 56(d), it would still be meritless. Callen argues that it is entitled to summary judgment because Nexteer terminated the Contract for convenience and did not pay monies owing as a result of that termination. But Callen decides to ignore the claims made in Nexteer's answer and Nexteer's counterclaim that allege that *Callen breached the Contract* and that Nexteer only terminated for convenience in the alternative. Indeed, nowhere in Callen's briefs does it address Nexteer's claim that it contacted Callen and informed it that it believed Callen's performance issues to be a breach of the Contract. Nexteer even produced a letter from Mr. Stevens to Callen employee Donald Marsh that explains that Nexteer was terminating the Contract because it believed Callen was in breach. Callen never acknowledges this letter when reciting the facts of this case or addressing the legal issues presented by its motion. It does not even argue that it did not receive the letter (aside from a terse claim that "Nexteer did not notify Callen of any breach"). As far as Callen's papers are concerned, the letter does not exist.

But the letter does exist and it establishes a genuine dispute of material fact as to the reasons for why the Contract was terminated. Taking the evidence in the light most favorable to the non-moving party, as the Court must, establishes that Nexteer was facing consistent quality issues with the covers produced by Callen. These persistent issues resulted in Nexteer making the determination that Callen had breached the Contract. Callen does nothing to rebut this evidence. If Nexteer did terminate the contract for Callen's breach, Callen's claims for payment on remaining works-in-progress and dunnage is untenable. Additionally, Nexteer's counterclaim for breach could not be dismissed.

Callen's motion, ignoring as it does important Rule 56 evidence, is meritless on its face.

**C.**

Lastly, Callen seeks summary judgment on Nexteer's claim of offsetting damages (made in the alternative to its claim that Callen breached the contract). Callen claims that Nexteer did not appropriately disclose the amount of damages it claimed as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). As a result, Nexteer should be precluded from introducing any evidence of damages and summary judgment should be entered for Callen on Nexteer's offset claim.

Rule 26(a)(1)(A)(iii) provides:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). If a party does not disclose information in compliance with Rule 26, the Federal Rules provide for certain penalties:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)(1)). "A noncompliant party may avoid sanction if there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir.2010)) (internal quotation marks omitted).

- 9 -

Nexteer concedes that it did not specifically set forth the amount of damages it seeks when it provided Callen with its initial disclosures. Nexteer's initial disclosure reads, in relevant part:

> (C)  A computation of each category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.
>
> Nexteer's damages are set forth in its Counterclaim filed in this matter. Additional information is included in the documents and information identified in Section (B), above.

Nexteer's Initial Disclosures, Ex. 1, Pl.'s Mot. Summ. J., ECF No. 27-1. Nexteer contends that although the disclosure omitted pertinent information concerning damages, Callen already had that information in its possession, since Nexteer provided it prior to the case commencing. Further, it points out that in response to this disclosure, Callen did not request any of the documents referenced nor did it request additional information.

Nexteer, in its response to Callen's motion, includes some information substantiating its damages claim. The declaration of Chadde Stevens explains that Nexteer's damage calculation (or at least its proposed setoff) is $237,671.13. Cost recovery sheets are also attached to Nexteer's response. Those sheets detail $57,418 in costs Nexteer believes it is entitled to recover. No further documentation of those costs is provided by Nexteer. It also does not explain how it arrived at the $237,671.13 figure.

Nevertheless, Callen's motion will be denied. The request for a preclusive sanction is extreme. Further, Nexteer argues that its failure to itemize and provide a computation of its damages is harmless to Callen. Courts in the Sixth Circuit must examine five factors when "assess[ing] whether a party's omitted or late disclosure is 'substantially justified' or 'harmless'":

(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

Granting Callen's motion at the very beginning of discovery would be overly punitive and unjustified by the facts as they currently exist. The factors to be considered in determining if a sanction is warranted cannot be appropriately assessed at this stage of discovery. Nexteer may yet cure its improper disclosure with no surprise to Callen and no disruption to trial. Indeed, it appears Callen took no steps to remedy what it saw as an insufficient disclosure or even inform Nexteer of the disclosure's insufficiency. That alone may have been sufficient to get Callen the information it sought. Rather, Callen pounced and filed a motion seeking a punitive sanction. That sanction is unjustified under Sixth Circuit case law. If Nexteer continues to withhold required Rule 26 information throughout discovery, Callen may renew its motion. Further, Nexteer may face future mandatory penalties under Rule 37 if its conduct in discovery does not comply with the requirements of the Federal Rules.

## IV.

Accordingly, it is **ORDERED** Plaintiff Callen Manufacturing Corporation's Motion for Summary Judgment, ECF No. 27, is **DENIED**.

Dated: March 7, 2016                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager